Eastern District of Kentucky
FILED
NOV 29 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-94-KSF

DONNA HUNDLEY,                                          PLAINTIFF

V.                          **OPINION AND ORDER**

REGIS CORP. et al.                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

Presently before the Court is the defendants' motion to compel arbitration [DE #4], and the plaintiff's motion for leave to respond to the reply [DE #8]. Having been briefed and the time for doing so having expired, these matters are ripe for review.

**I.    FACTUAL BACKGROUND**

On March 17, 2005, the plaintiff filed a civil action against the defendants. The plaintiff was employed as a District Manager for Supercuts at the time of her termination on July 19, 2004. Prior to her termination, the plaintiff executed the Regis Corporation Arbitration Agreement ("the Agreement"). By executing this Agreement on April 4, 2004, she agreed that she would resolve "all claims and disputes arising out of my employment relationship with the company and the termination of that relationship, including the making or interpreting of this Arbitration Agreement, and further including any such claim or dispute that may have arisen before the date of this Agreement, shall be decided by binding arbitration in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association."

In her Complaint, the plaintiff alleges claims for disability discrimination under the Americans with Disabilities Act, the Ohio Civil Rights Act and the Kentucky Civil Rights Act, as well as a claim for retaliation under those provisions, a claim under the Kentucky Workers' Compensation Statute, wrongful discharge under both Kentucky and Ohio law, intentional infliction of emotional distress and sex discrimination under Title VII and the Kentucky Civil Rights Act.

Subsequently, the defendants filed the present motion to compel arbitration pursuant to the Agreement executed by the plaintiff. The plaintiff filed a motion requesting leave to respond to the reply entered in this matter.

## II. PLAINTIFF'S MOTION FOR LEAVE TO RESPOND

As the basis of her motion, the plaintiff claims that the form submitted with the defendants' reply is not the same document she signed. The plaintiff claims that the submitted form is different from any form that she signed for the company and therefore it is not binding on her in any way. The defendants did not file a response to this motion.

This motion contains no new arguments, simply a clarification by the plaintiff that the form filed with the Court is not identical to the one she signed. For this reason, the Court will grant the plaintiff's motion for leave to file a response to the defendants' reply.

## III. DEFENDANTS' MOTION TO COMPEL ARBITRATION

The defendants move this Court pursuant to section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §4, to dismiss this matter based on Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Alternatively the defendants ask the Court to stay this matter until completion of arbitration pursuant to FAA §3.

As grounds for their motion, the defendants state that the Arbitration Agreement (the "Agreement") signed by the plaintiff requires arbitration of the claims presented in the plaintiff's Complaint. The FAA mandates enforcement of arbitration agreements between employers and employees. A Court may dismiss a suit when it determines that all issues are subject to arbitration.

The plaintiff objects to the defendants' motion for four reasons. First, the plaintiff argues that no arbitration agreement was even made because the defendants did not sign the form and return it to the plaintiff. Second, the plaintiff claims that the defendants fraudulently induced her to enter the alleged Agreement by deliberately misrepresenting the nature of the agreement to her and forcing her to sign without allowing her time to consult an attorney. Third, the plaintiff claims that Count Five is not arbitrable. Fourth, she states that the alleged Agreement is legally reprehensible with multiple unconscionable terms and therefore must be voided.

A.   ANALYSIS

It is well settled that the presumption is strongly in favor of arbitration pursuant to the FAA. Nguyen v. City of Cleveland, 312 F.3d 243, 244 (6th Cir. 2002). Section 3 of the FAA states that the Court shall on application of one of the parties, stay the trial until arbitration has taken place. 9 U.S.C. §3. In order to compel arbitration the Court must first determine whether the parties agreed to arbitrate. Glazer v. Lehman Brothers, Inc., 394 F.3d 444, 451 (6th Cir. 2005).

In the forms filed with the Court, there is no language referencing the company's need to sign and/or return the agreement to the plaintiff. Therefore, the plaintiff's argument that the Agreement was not properly executed by the defendants seems unfounded. The plaintiff has not

3

shown that the defendants' signature was required.

The fact that a party seeking to avoid arbitration could simply plead fraudulent inducement in order to ensure that a court and not an arbitrator hear the claim would defeat the primary benefit of the arbitration, which is the expeditious and inexpensive resolution of disputes. Louisville Peterbilt, Inc. v. Cox, Ky. 132 S.W.3d 850, 856 (2004). In the present action, the plaintiff claims fraudulent inducement. However, the plaintiff knew what she was signing and chose to do so. Therefore, the Court finds that the plaintiff should be bound by the Agreement.

The Court finds that the parties in the above-styled matter agreed to arbitrate. Therefore, rather than dismiss this matter, it shall be stayed until arbitration of the appropriate claims is complete.

## IV.   CONCLUSION

Therefore, the Court being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the plaintiff's motion for leave to respond [DE #8] is GRANTED;

(2) the Clerk shall enter the tendered Response;

(3) the defendants' motion to compel arbitration [DE #4] is GRANTED;

(4) this matter is STAYED pending the outcome of the arbitration; and

(5) the parties shall file a status report with the Court every sixty (60) days from the date hereof and notify the Court within 15 days of the completion of arbitration.

This 27th day of November, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE

4